UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



FILED
12 APR 17 AM 10: 04
MICHAEL J. NEWMAN
UNITED STATES
MAGISTRATE JUDGE

In the Matter of:

Establishment Inspection of:                     Case No. 3:12 MC 008

Trupointe Cooperative, Inc.
415 Bellbrook Avenue
Xenia, Ohio 45385

### ORDER

Reasonable cause having been shown, it is hereby ORDERED that the period of time for return of the Warrant for Inspection dated March 29, 2012 **(Exhibit A)**, shall be extended for thirty days, from April 18, 2012 to May 18, 2012.

Dated: __April 17__, 2012.

_____
United States Magistrate Judge
MICHAEL J. NEWMAN for
MICHAEL R. MERZ

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2012 MAR 29 AM 10:06

|  |  |
|---|---|
| In the Matter of:<br><br>Establishment Inspection of:<br><br>Trupointe Cooperative, Inc.<br>415 Bellbrook Avenue<br>Xenia, Ohio 45385 | Case No. 3:12mc008<br><br>THOMAS M. ROSE<br><br>SHARON L. OVINGTON |

### WARRANT FOR INSPECTION UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

To:  Audrey S. Rogers and/or any other Compliance Officer(s) of the Occupational Safety and Health Administration, United States Department of Labor.

Sworn application having been made, reasonable legislative and administrative standards having been prescribed, and probable cause shown by Audrey S. Rogers of the United States Department of Labor 's Occupational Safety and Health Administration ("OSHA"), for an inspection and investigation of the workplace described as:

Trupointe Cooperative Inc.
415 Bellbrook Avenue
Xenia, Ohio 45385

**IT IS HEREBY ORDERED** that based on the grounds set forth in the sworn *Application for Civil Inspection Warrant Under the Occupational Safety and Health Act of 1970* ("Application for Warrant") and pursuant to section 8(a) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651, et seq.) ("the Act"), **YOU ARE AUTHORIZED** to enter the above described premises during regular working hours or at other reasonable times, to conduct an inspection and investigation, and to inspect and investigate in a reasonable manner and to a

reasonable extent including, but not limited to, authority to take environmental samples, including samples taken by personal sampling devices attached to employees, and to take or obtain photographs and/or videotapes related to the purpose of the inspection, and questioning privately any owner, operator, agent, employer or employee of the establishment, the workplace or environment where work is performed or permitted to be performed by employees of the employer specifically, but limited to, the six major hazard areas covered by OSHA's *Local Emphasis Program for Grain Handling Facilities ("LEP")*, OSHA Directive CPL 04-00 (LEP 017.) (Effective November 1, 2011.) (See Exhibit A, ¶II , i.e., engulfment, falls, auger entanglement, struck by, combustible dust explosions and electrocution.)

Said inspection and investigation will extend only to the above-referred to alleged hazardous working conditions and/or work areas within the plain view of the compliance officer(s) while conducting the LEP inspection, and to all pertinent conditions, structures, machines, apparatus, devices, equipment, materials, and all other things therein (including a review of records required by the Act and/or directly related to the purpose of the inspection, but excluding employee medical records as defined in 29 C.F.R. 1910.1020(c)(6)) related to the above-described practices, areas or working conditions and bearing on whether this employer is furnishing to its employees employment and a place of employment which is free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees, and whether this employer is complying with the occupational safety and health standards promulgated under the Act and the rules, regulations, and orders issued pursuant to the Act.

A return shall be made to this Court showing that the inspection has been completed, within twenty days of this date.

DATED: March 29, 2012.

_____
United States Magistrate Judge

3